**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **INNOVATIVE SPORTS** | § | |
| **MANAGEMENT, INC. d/b/a** | § | |
| **INTEGRATED SPORTS MEDIA,** | § | |
| **Plaintiff,** | § | |
| **V.** | § | **A-24-CV-609-RP** |
| | § | |
| **TRAMPSPORTS LLC, individually, and** | § | |
| **d/b/a MISTER TRAMPS SPORTS BAR;** | § | |
| **and MICHAEL BRANDON MCBRIDE,** | § | |
| **individually, and d/b/a MISTER** | § | |
| **TRAMPS SPORTS BAR** | § | |
| **Defendants.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE:

Before the court is Plaintiff Innovative Sports Management, Inc.'s Motion for Default Judgment and Brief in Support (Dkt. 17).[1]

## I.    BACKGROUND

Plaintiff Innovative Sports Management, Inc., d/b/a Integrated Sports Media brings claims for satellite and cable piracy under the Federal Communications Act ("FCA") against Defendants Tramsports LLC, individually, and d/b/a Mister Tramps Sports Bar ("Trampsports"); and Michael Brandon McBride, individually, and d/b/a Mister Tramps Sports Bar ("McBride"); (collectively "Defendants"). Dkt. 1 (Compl.).

Innovative Sports sued Defendants in this court on June 3, 2024, and moved for substitute service of process after it was unable to personally serve Defendants. Dkt. 7. The

---

[1] The District Judge referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated February 21, 2025.

court granted the motion. Dkt. 8. Innovative Sports effected substitute service on both Defendants on November 21, 2024. Dkt. 9; Dkt. 10.

Defendants have made no appearance and have failed to plead, respond, or otherwise defend this case. On January 10, 2025, the Clerk entered default against them. Dkt. 14. Innovative Sports now asks the court to enter a default judgment against Defendants.

## II.   LEGAL STANDARD

Under Rule 55, a default occurs when a defendant fails to plead or otherwise respond to a complaint within the time required. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). After the defendant's default has been entered by the Clerk of Court, the plaintiff may apply for a judgment based on the default. *Id*. But even when the defendant technically is in default, a party is not entitled to a default judgment as a matter of right. *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). There must be a sufficient basis in the pleadings for the judgment entered. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975).

After entry of default, the plaintiff's well-pleaded factual allegations are taken as true, except as to damages. *Escalante*, 34 F.4th at 492. A defendant "is not held to admit facts that are not well- pleaded or to admit conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (quoting *Nishimatsu,* 515 F.2d at 1206). Entry of a default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Under Rule 55(b)(2), a court may hold a hearing to conduct an accounting, determine the amount of damages, or establish the truth of any allegation, but a hearing is unnecessary if the court finds it can rely on the pleadings and evidence to determine whether to grant a

default judgment. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *RLI Ins. v. 2 G Energy Sys., LLC*, 581 F. Supp. 3d 817, 823 (W.D. Tex. 2020). The court finds that a hearing is unnecessary.

### III.  ANALYSIS

In considering any motion for default judgment, a court must examine jurisdiction, liability, and damages. *Rabin v. McClain*, 881 F. Supp. 2d 758, 763 (W.D. Tex. 2012).

#### A.  Jurisdiction

When a party seeks entry of a default judgment under Rule 55, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (citation omitted). Because Innovative Sports asserts claims under 47 U.S.C. §§ 553 and 605, it invokes the court's original federal question jurisdiction under 28 U.S.C. § 1331.

Innovative Sports alleges that Trampsports and McBride owned and managed the "Mister Tramps Sports Bar" in Austin, Texas ("Bar"). Compl. ¶¶ 2-3. The court has personal jurisdiction over McBride because Innovative Sports alleges that he is a Texas resident. *Id.* ¶ 3; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Generally, a court may exercise general personal jurisdiction over a corporation in (1) the state of incorporation and (2) the state where it has its principal place of business. *Frank v. P N K (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020). This test applies to limited liability companies as well as corporations. *Id.* at 337 n.10. The court has personal jurisdiction over Trampsports because Innovative Sports alleges that Trampsports is a Texas LLC. Compl. ¶ 2.

#### B.  Liability

The court next considers whether default judgment is procedurally warranted and

3

the Complaint states facts sufficient to show that Innovative Sports is entitled to relief. *United States v. 1998 Freightliner Vin #:1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008).

       1.  <u>Default Judgment is Procedurally Warranted</u>

In determining whether a default judgment is procedurally warranted, district courts consider:

    (1) whether material issues of fact are at issue;

    (2) whether there has been substantial prejudice;

    (3) whether the grounds for default are clearly established;

    (4) whether the default was caused by a good-faith mistake or excusable neglect;

    (5) the harshness of a default judgment; and

    (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. The court finds that default judgment is procedurally warranted. First, there are no material facts in dispute because Defendants have not filed an answer or any responsive pleadings and so admit the well-pleaded allegations of fact. *Nishimatsu*, 515 F.2d at 1206. Second, Defendants' "failure to respond threatens to bring the entire process to a halt, effectively prejudicing [Innovative Sports'] interest." *RLI Ins.*, 581 F. Supp. 3d at 824. Third, the grounds for default are clearly established. The Clerk has entered default against Defendants, who were properly served and have not responded to the summons, entry of default, or motion for default judgment. *Id.* Fourth, the court cannot find a good-faith mistake or excusable neglect because Defendants have not appeared. Fifth, though Innovative Sports seeks monetary damages, it seeks only statutory damages to which it is entitled under federal

law, limiting the harshness of a default judgment. Sixth, the court is unaware of any facts that would obligate it to set aside the default. *Lindsey*, 161 F.3d at 893. The court finds that default judgment is procedurally warranted.

        2.   <u>There is a Sufficient Basis for Judgment in the Pleadings</u>

Innovative Sports alleges that it was exclusively authorized to sublicense the closed-circuit telecast of a June 3, 2021 Peru v. Colombia Soccer Match (the "Event") throughout Texas. Compl. ¶ 6. It alleges that Defendants either intercepted or received the Event through a cable system or a satellite transmission and broadcast it to customers at the Bar on June 3, 2021, in violation of 47 U.S.C. §§ 553 or 605. Compl. ¶¶ 12, 17. Innovative Sports moves for default judgment only under § 605. Dkt. 17 ¶ 15.

To establish liability under § 605, "a plaintiff need only show a limited access satellite broadcast was exhibited in defendants' establishment and that the plaintiff did not authorize the exhibition of the broadcast." *Joe Hand Promotions, Inc. v. City Slickers Ltd. Liab. Co.*, No. EP- 21-CV-00222-FM, 2022 WL 1518937, at *2 & n.17 (W.D. Tex. Apr. 1, 2022) (collecting cases). Innovative Sports alleges that:

(1) it held the exclusive license to distribute and authorize the public display of the Event to businesses, Compl.. 1 ¶¶ 6-7;

(2) the Event was broadcast interstate via satellite signal, *id.* ¶¶ 9, 12;

(3) Defendants unlawfully obtained the Event via a satellite signal without paying the commercial sublicensing fee or obtaining authorization, *id.* ¶¶ 12-13, 16;

(4) Defendants exhibited the Event to patrons at the Bar, *id.* ¶¶ 14-15; and

(5) Defendant McBride "had a right and ability to supervise the activities" of

the Bar. *Id.* ¶ 3.

By defaulting, Defendants have admitted these facts. *Nishimatsu*, 515 F.2d at 1206. The court finds that these facts establish a claim for relief under § 605.

**C. Relief**

Having found that the motion for default judgment should be granted and judgment entered in favor of Innovative Sports, the court must determine appropriate relief. Innovative Sports requests statutory damages of $60,000, attorneys' fees, costs, and post-judgment interest. Dkt. 17 ¶ 31.

1. Statutory Damages

Section 605(e)(3)(C)(i)(II) allows for recovery of either actual damages or statutory damages per violation of "not less than $1,000 or more than $10,000, as the court considers just." If a court finds that the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the court may increase the award by not more than $100,000 per violation. 47 U.S.C. § 605(e)(3)(C)(ii).

Innovative Sports seeks the maximum statutory damages of $10,000 and additional damages of $50,000 under for Defendants' willful actions for commercial advantage. It argues this award is reasonable because "it would be impossible to determine the full extent of the profits" it lost, and that it "should receive additional compensation as it has been deprived of the 'value, benefits and profits derived' from the unauthorized broadcast" of the Event at the Bar, "as well as the value of 'business investment, business opportunities and goodwill.'" Dkt. 17 ¶¶ 17-18 (quoting *Am. Television & Commc'ns Corp. v. Floken, Ltd.*, 629 F. Supp. 1462, 1466 (M.D. Fla. 1986)).

Innovative Sports submits an affidavit from its auditor, who visited the Bar on the

night of the Event. She estimated that the Bar had a capacity of 80 people and observed 7 to 12 customers. Dkt. 17-1 at 37. The auditor also estimated that the Bar had about 14 televisions and submitted photographs showing some of them displaying the Event. *Id.* at 36, 38-41. She stated that she did not pay a cover charge but ordered one drink. *Id.* at 36. Innovative Sports also submits evidence that its sublicense fee for the Event varied based on an establishment's capacity and if an establishment had a maximum fire code capacity of 100 persons, the fee would have been $650. Dkt. 17-1 at 7 ¶ 6.

In similar piracy cases, this court has awarded base statutory damages of two to three times "what would have been the cost had Defendant followed the law." *Joe Hand Promotions, Inc. v. Garcia*, 546 F. Supp. 2d 383, 386 (W.D. Tex. 2008) (trebling the licensing fee for base statutory damages); *see also Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *4 (W.D. Tex. Nov. 23, 2020) (stating that a "reasonable award is around two to three times what would have been the cost to Defendants had they followed the law" and awarding $2,500 in base statutory damages when the license fee was approximately $893). Following the same reasoning, in a previous suit brought by Innovative Sports against these Defendants for a similar previous violation, the court awarded Innovative Sports $2,400 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II). *Innovative Sports Management, Inc. v. Trampsports, LLC,* 1:23-CV-1144-RP (Final Judgment entered Aug. 21, 2024). However, because that Judgment issued after the broadcast at issue here, the court does not recommend an increased award.

Innovative Sports also requests $50,000 in damages for Defendants' willful violation of the FCA. It argues that the violation was willful because Defendants could not display the Event at the Bar without "specific wrongful actions" such as using an unauthorized signal

decoder, unlawfully diverting cable service, or improperly relocating an authorized decoder. Dkt. 17 ¶¶ 11, 23. The court finds that Defendants willfully displayed the Event for direct or indirect commercial advantage. *See J&J Sports Prods., Inc. v. El 33, LLC*, No. EP-11-CV-519-KC, 2013 WL 164521, at *5 (W.D. Tex. Jan. 14, 2013) (finding willful violation for financial gain when Defendants served food and drinks and displayed pirated program on multiple televisions). Because there was a single unauthorized transmission and few Bar patrons when Defendants broadcast the Event, this Magistrate Judge finds that tripling the statutory damages will sufficiently deter Defendants from future violations and recommends an award of $7,200 under § 605(e)(3)(C)(ii). *See Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. A-16-CV-1339- RP, 2018 WL 1887293, at *4-5 (W.D. Tex. Feb. 1, 2018) (recommending $3,300 in statutory damages and $9,900 in additional damages when defendants charged $5 cover and showed pirated event on three televisions to up to 45 patrons), *R. & R. adopted*, 2018 WL 1885192 (W.D. Tex. Mar. 28, 2018).

### 2. Attorneys' Fees and Costs

The FCA requires the court to award reasonable attorneys' fees and costs to a prevailing plaintiff. 47 U.S.C. § 605(e)(3)(B)(iii). Innovative Sports requests a fee award of either $2,400 or, in the alternative, one-third of the statutory award. *See* Dkt. 17-1 at 49-50.

"Federal courts almost uniformly apply a lodestar calculation method under statutory fee- shifting provisions." *J&J Sports Prods., Inc. v. Molina & Reyes Enters.*, No. 5:18-cv-382 (RCL), 2020 WL 3579823, at *4 (W.D. Tex. May 7, 2020) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010)). The lodestar amount is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate: the market rate in the community for the work. *Cruz v. Maverick Cnty.*, 957 F.3d 563, 574 (5th

Cir. 2020). "[T]here is a 'strong presumption' that the lodestar figure is reasonable." *Perdue*, 559 U.S. at 554. After calculating the lodestar amount, a court may enhance or decrease the amount of fees based on the factors set forth in *Johnson v. Ga. Highway Exp., Inc*. 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989).[2] The party seeking fees has the burden to show the reasonableness of the hours billed and the exercise of reasonable billing judgment. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Innovative Sports submits a declaration and billing records from its counsel, David M. Diaz, who billed $300 per hour for eight hours of work on this case. Dkt. 17-1 at 50 ¶ 8. The court finds that the hours billed are reasonable and do not warrant a deduction. Diaz states that his firm has handled more than 6,000 anti-piracy cases since 2001. *Id.* at 47¶ 3. The court finds that $300 is within the range of reasonable hourly fees for attorneys with similar experience. *See J&J Sports Prods. v. Gutierrez*, No. DR-19-CV-057-AM/VRG, 2021 WL 2930094, at *5 (W.D. Tex. Mar. 16, 2021) (awarding Diaz $300 per hour on similar facts). The court calculates the lodestar at $2,400 and declines to adjust it.

Innovative Sports also asks for contingent appellate attorneys' fees of $142,500. Dkt. 17-1 at 51-52 ¶ 9. The court finds such an award to be inappropriate now because "the amount would be speculative at best." *Newman v. Arens Servs., LLC*, No. 1:19-CV-1102-LY, 2021 WL 5564269, at *3 (W.D. Tex. Nov. 29, 2021) (citation omitted), *R. & R. adopted*, 2022 WL 1546647 (W.D. Tex. Jan. 4, 2022); *see also Gutierrez*, 2021 WL 2930094, at *5

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

(denying appellate fee award); *Innovative Sports Mgmt., Inc. v. Mazatlan Enters., LLC*, No. A13-CA-785-SS, 2014 WL 808075, at *3 (W.D. Tex. Feb. 28, 2014) (same). The court recommends that the District Court deny Innovative Sports' request for contingent appellate attorneys' fees without prejudice.

Finally, Innovative Sports asks the court to award costs and post-judgment interest. Innovative Sports may recover costs under 28 U.S.C. § 1920 and post-judgment interest under 28 U.S.C. § 1961(a). The court recommends the award of post-judgment interest and costs if Innovative Sports submits evidence of any qualifying costs.

## IV. RECOMMENDATION

This Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Plaintiff Innovative Sports Management, Inc.'s Motion for Default Judgment (Dkt. 17), **ENTER DEFAULT JUDGMENT** against Defendants Trampsports, LLC and Michael Brandon McBride under Rule 55(b), and award Innovative Sports the following from Trampsports, LLC and Michael Brandon McBride, jointly and severally:

(1) $2,400 in statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II);

(2) $7,200 in additional damages under 47 U.S.C. § 605(e)(3)(C)(ii);

(3) $2,400 in attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii); and

(4) post-judgment interest at the rate set by 28 U.S.C. § 1961(a).

This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **DENY WITHOUT PREJUDICE** Innovative Sports' request for contingent appellate attorneys' fees.

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the Honorable District Judge.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. See *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on April 29, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE